UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA         :
                                    PROTECTIVE ORDER
            - v. -                :  S1 12 Cr. 185 (LAP)

RYAN ACKROYD,                     :
    a/k/a "kayla,"
    a/k/a "lol,"                  :
    a/k/a "lolspoon,"
JAKE DAVIS,                       :
    a/k/a "topiary,"
    a/k/a "atopiary"              :
DARREN MARTYN,
    a/k/a "pwnsauce,"             :
    a/k/a "raepsauce,"
    a/k/a "networkkitten,"        :
DONNCHA O'CEARRBHAIL,
    a/k/a "palladium," and        :
JEREMY HAMMOND,
    a/k/a "Anarchaos,"            :
    a/k/a "sup_g,"
    a/k/a "burn,"                 :
    a/k/a "yohoho,"
    a/k/a "POW,"                  :
    a/k/a "tylerknowsthis,"
    a/k/a "crediblethreat,"       :
    a/k/a "ghost"
    a/k/a "anarchacker,"          :

            Defendants.            :
- - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/12

LORETTA A. PRESKA, U.S. District Judge:

        On the motion of the United States of America, by Preet Bharara, United States Attorney, by Rosemary Nidiry and Thomas G. A. Brown, Assistant United States Attorneys (the "Government"),

and with the consent of defendant JEREMY HAMMOND, by his counsel Elizabeth Fink, Esq., and for good cause shown,

IT IS HEREBY ORDERED:

1. Copies of certain discovery materials (including, but not limited to, computer hard drives, telephones, documents, and records) to be produced by the Government to the defense pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *United States v. Giglio*, and that are not otherwise publicly available,[1] contain personal identification and financial information of specific individuals (including, *inter alia*, names, dates of birth, Social Security numbers, e-mail addresses, physical addresses, and bank, credit card, or other financial account numbers) and are therefore deemed "Confidential Information" and shall be so identified by the Government.

2. Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in this action:

(a) Shall be used by the defendant and his counsel only for purposes of this action;

(b) Shall be maintained in a safe and secure

---

[1] Materials that are "otherwise publicly available" are materials that were lawfully obtained and lawfully disclosed to the public. Even materials that are "otherwise publicly available" may be subject to separate legal restrictions on dissemination that are not addressed by this Order.

manner in the sole possession of defendant's counsel or defense counsel's staff; shall not be possessed by the defendant, except in the presence of the defendant's counsel or paralegals on defense counsel's staff; and shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(c) below;

   (c) May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"):

    (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's counsel;

    (ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

    (iii) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

   (d) Shall be returned to the Government following the conclusion of this case, including any appeals, and any all copies made of said material shall be shredded, erased, and/or destroyed. The Government will maintain copies of all Confidential Information and will make them available to the defendant's counsel following the conclusion of this case only pursuant to a protective order of the Court.

  3. The defendant and his counsel shall provide a copy

of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraph 2(c). Designated Persons shall be subject to the terms of this Order.

4. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in connection with this action or to any District Judge or Magistrate Judge of this Court for purposes of this action.

5. Modifications: If defense counsel seeks to exempt a particular document or portion of electronic material from classification as "Confidential Information" which has been so designated by the Government pursuant to ¶ 1 of this Order, defense counsel should first notify the Government in writing of the document or portion of electronic material it seeks to exclude from classification as "Confidential Information," as well as the basis for the exclusion. The Government will promptly evaluate and respond to defense counsel's request in writing. If the parties are unable to reach agreement, defense counsel may file a motion with the Court seeking to exclude the particular document or portion of electronic material from classification as "Confidential Information." Absent an agreement by the parties or a determination by the Court that designated material is not covered by the Order, all material designated as "Confidential Information" pursuant to ¶ 1 this Order is deemed to be covered by the Order. Nothing in this

Order shall prevent any party from seeking a modification of this Order.

6. If current counsel is relieved as counsel, the Confidential Information, and any copies thereof, provided to defense counsel by the Government shall be returned to the Government unless replacement counsel agrees to be subject to this Order.

7. With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

Dated:   New York, New York
         May 24, 2012

                                 SO ORDERED:

                                 _____
                                 UNITED STATES DISTRICT JUDGE

                                 PREET BHARARA
                                 United States Attorney
                                 for the Southern District of New York

                        By: _____
                            Rosemary Nidiry/Thomas G. A. Brown
                            Assistant United States Attorneys

                             _____
                             Elizabeth Fink, Esq.
                             Attorney for Defendant JEREMY HAMMOND