UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,           :

                             S1 12 Cr. 185 (LAP)

        - v. -                            :

JEREMY HAMMOND,                     :
  a/k/a "Anarchaos,"
  a/k/a "sup_g,"                    :
  a/k/a "burn,"
  a/k/a "yohoho,"                   :
  a/k/a "POW,"
  a/k/a "tylerknowsthis,"            :
  a/k/a "crediblethreat,"
  a/k/a "ghost,"                    :
  a/k/a "anarchacker,"
                              :
        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION FOR DISQUALIFICATION

                                           PREET BHARARA
                                           United States Attorney for the
                                           Southern District of New York
                                           Attorney for the United States of America

THOMAS BROWN
ROSEMARY NIDIRY
Assistant United States Attorneys
      -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| - v. - | : S1 12 Cr. 185 (LAP) |
| | : |
| JEREMY HAMMOND, | : |
|   a/k/a "Anarchaos," | |
|   a/k/a "sup_g," | : |
|   a/k/a "burn," | |
|   a/k/a "yohoho," | : |
|   a/k/a "POW," | |
|   a/k/a "tylerknowsthis," | : |
|   a/k/a "crediblethreat," | |
|   a/k/a "ghost," | : |
|   a/k/a "anarchacker," | |
| | : |
|           Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION FOR DISQUALIFICATION

The Government respectfully submits this memorandum in opposition to the defendant's application to disqualify Your Honor from this case, pursuant to Title 28, United States Code, Sections 455(a) and (b)(4). The defendant asserts that an appearance of impartiality and an appearance of a financial interest exist because (1) Thomas Kavaler, Your Honor's husband, is a purported victim of some of the charged offense conduct, and (2) Mr. Kavaler's law firm represents, in unrelated matters, "other prominent victims" of some of the charged offense conduct. These claims are meritless. As to the former, Mr. Kavaler was not a client of Strategic Forecasting, Inc. ("Stratfor"), which suffered a hack into its computer systems (the "Stratfor Hack"), which is the basis for some of the charged offense conduct, and the only information of his that was disclosed because of the Stratfor Hack was his publicly available law firm email

2

address.  As to the latter, the defendant is engaging in rank speculation regarding any purported harm to Mr. Kavaler's law firm's clients, and, in any event, even if clients of Mr. Kavaler's law firm were in fact harmed by the Stratfor Hack, the connection to this Court is so attenuated as to be meaningless.  Accordingly, the defendant's motion should be denied.

## BACKGROUND

### The Offense Conduct

Jeremy Hammond, the defendant, is charged in a superseding indictment, S1 12 Cr. 185 (LAP), with participating in a series of computer break-ins and data thefts from computer networks operated by various governmental and business entities as part of the "LulzSec" and "AntiSec" computer hacking groups, which were loosely affiliated with the online group "Anonymous."  Count Two of the Superseding Indictment charges Hammond with conspiring to commit computer hacking, in violation of 18 U.S.C. § 1030(b), in connection with a cyber attack in June 2011 on computer systems used by the Arizona Department of Public Safety ("Arizona DPS"), a state law enforcement organization.  Counts Three, Four, Five, and Six of the Superseding Indictment charge Hammond with conspiring to commit computer hacking, in violation of 18 U.S.C. § 1030(b); substantive computer hacking in violation of 18 U.S.C. §§ 1030(a)(5)(A), 1030(b), 1030(c)(4)(B)(i), and 2; conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2, in connection with his participation in the Stratfor Hack, a hack of the computer systems of Stratfor, a private, subscription-based provider of information analysis services with offices in Austin, Texas.

In connection with the Stratfor Hack, the defendant and his co-conspirators are specifically alleged to have, among other things, (1) stolen at least approximately 200 gigabytes[1] of confidential information from Stratfor's computer systems, including Stratfor employees' emails, account information for approximately 860,000 Stratfor clients, approximately 60,000 credit cards numbers belonging to Stratfor clients, and internal Stratfor corporate documents, including company financial data; (2) publicly disclosed information that he and his co-conspirators had stolen from Stratfor; and (3) made at least $700,000 worth of unauthorized charges using the stolen credit cards.

### The Stratfor Class Action

A class action law suit was filed in the Eastern District of New York on January 20, 2012 against Stratfor in connection with the hack on behalf of "all persons, corporations, or entities whose financial and/or personal information was obtained by third-parties due to the breach of Stratfor's computer storage system." *See Sterling et al.* v. *Strategic Forecasting, Inc. et al.*, 12 Civ. 297-DRH-ARL (E.D.N.Y.) ("*Sterling*"), Doc. #3, Amended Compl. ¶ 31 (Feb. 8, 2012) (the "Stratfor Class Action"). The *Sterling* court issued an order approving a settlement of the class action on November 15, 2012. *See Sterling*, Doc. #29, *Amended Final Order and Judgment Regarding Class Action Settlement* (Nov. 15, 2012) ("Stratfor Class Action Settlement Order"). In the Stratfor Class Action Settlement Order, the Court certified the proposed class action on behalf "of those who are current or former subscribers to the Stratfor Service on December 24, 2011, whose credit card information Stratfor had on file on December 24, 2011, and whose credit card information was obtained by third-parties due to the breach of Stratfor's computer storage systems." *See* Stratfor Class Action Settlement Order, ¶ 3. According to the filings, the Stratfor

---

[1] A gigabyte is a measure of data storage equivalent to approximately 675,000 pages of text.

Class Action member list included approximately 882,137 records.  *See Sterling*, Doc. #24-3, *Declaration of Andrew Beckford*, ¶ 3.  The class action settlement provided the following for eligible class members:

> (1) "one month of access to the Stratfor Service, valued at $29.08, free of charge," with a total estimated value of approximately $1,744,800 in aggregate for the class "[b]ased upon [Stratfor's] estimates of current or former paying subscribers as of December 24, 2011";
>
> (2) at no cost, "an 'e-book' entitled 'The Blue Book' published by [Stratfor], at an approximate value of [$12.99] (exclusive of tax)," equal to a total value of $779,400 in aggregate for the class;
>
> (3) "Stratfor subscribers who affirmatively requested . . . [a] credit monitoring service offered by [Stratfor] on December 28, 2011, will continue to receive the credit monitoring service" until it was set to expire, equal to a total value of $178,200.00 in aggregate; and
>
> (4) Various increased customer data protection services, with a total value of $762,173.11 in aggregate, as well as the possibility of insurance proceeds to the extent available.

*See Sterling*, Doc. #24-1, *Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement,* at 2-3 (Sept. 10, 2012) and *Letter By David Sterling, et al.*, with attachments, Doc. #17 (June 13, 2012).

### The Defendant's Motion

On November 27, 2012, defense counsel for Jeremy Hammond notified the Government that she had received an email from a reporter for FoxNews.com (the "Fox News Reporter") alleging that Your Honor's husband was a Stratfor client.  On November 28, 2012, the Court held a telephone conference with the parties to address this matter.  During the conference, defense counsel reiterated that she had received an email from the Fox News Reporter that included a "link to an anonymous site" containing "a list of all of the people whose accounts

5

were hacked, who were Stratfor subscribers, and one of them was Thomas J. Kavaler. . . .". *See* Transcript of Nov. 28, 2012 Conf. ("Nov. 28, 2012 Conf. Tr.") at 2. Defense counsel noted that she was still investigating the matter but believed that "all of his information was put on the Internet, all the Stratfor information, the credit card numbers . . . whatever he gave to Stratfor[] . . . . I think it's already been disseminated." *Id.* The Government responded that, while its investigation of the matter was still continuing, based on what it had learned to date, "we don't have any reason to believe that . . . there's anything other than a [Cahill Gordon & Reindel LLP ("Cahill Gordon")] email address, which we believe is a public address . . . . that was disseminated." *Id.*

Defense counsel later provided to the Court and to the Government copies of a printout of the Fox News Reporter's email and the linked attachment (the "Fox News Reporter's Email").[2] The Fox News Reporter's Email consisted of the following message to defense counsel: "'@Anonymous IRC: Loretta Preska's (Judge who denied Jeremy Hammond bail) husband was a @Stratfor client, his email leaked. [link] Conflict?' Hey. You see this?!" The linked attachment was an article entitled "Loretta A. Preska's Undisclosed Conflict" that appeared on the website, "#FreeAnons, Anonymous Solidarity Network." That article, in turn, linked to an excerpt from a posting on the webpage http://dazzlepod.com/stratfor/?pages (the "Dazzlepod Posting"). The Dazzlepod Posting consisted of, among other things, what appears to be a chart with three columns labeled "ID," "Email/Username," and "Password." The ID column consisted of a list of sequential numbers starting with the number "1;" the Email/Username column consisted of a list of email addresses; and the Password column consisted of a series of 3 asterisks on each line. One of the email addresses listed on the chart is Mr. Kavaler's publicly

---

[2] This correspondence is attached as Exhibit A to the Defense Memorandum.

available Cahill Gordon email address.  The final page in the linked attachment to the Fox News Reporter's Email was the profile page for Mr. Kavaler from Cahill Gordon's website.

### Thomas Kavaler and the Stratfor Hack

Agents of the Federal Bureau of Investigation have investigated the defendant's claims regarding the theft of Mr. Kavaler's personal data as a result of the Stratfor Hack, including reviewing the data that the Government alleges the defendant stole from Stratfor and then passed to a cooperating witness (which was produced to the defendant in discovery), and confirming that information with Stratfor.  Based on this investigation, the FBI has determined that the only personal identifying information related to Mr. Kavaler that was "stolen" or disclosed as a result of the hack was Mr. Kavaler's publicly available law firm email address; Stratfor's data did not contain any credit card information associated with Mr. Kavaler.  Stratfor's data does contain one record of a subscription associated with Mr. Kavaler's Cahill Gordon email address for the period between March 18, 2008 and April 1, 2008, but, as set out below, Mr. Kavaler has no recollection of that two-week subscription in 2008.

Furthermore, as set out in his sworn affirmation, attached as Exhibit A, Mr. Kavaler attests that he has "never provided Stratfor with [his] credit card number or any other personal financial or identifying information such as [his] name, address, Social Security number or telephone number."  *See* Kavaler Aff. ¶ 6.  To his knowledge, "only [his] publicly available Cahill Gordon email address was purportedly disclosed as a result of the [] data theft from Stratfor . . . [and] other than that publicly available Cahill Gordon email address, Stratfor does not have any personal information of [his] that could have been stolen and disseminated, and never did have such information."  *Id.* ¶ 7.  Similarly, to his recollection, he has "not knowingly been a client, a customer, a member, or a subscriber of Stratfor.  Stratfor has never been a client

of [his] or, on information and belief, a client of Cahill Gordon's." *Id.* ¶ 6.  Nor does he have any recollection of a two-week subscription associated with his Cahill Gordon email address dating from March 2008.  *Id.* ¶ 6.  Mr. Kavaler has never received any notification that he was a member of the Stratfor Class Action nor has he ever benefited in connection with that or any other lawsuit filed in connection with Stratfor.  *Id.* ¶ 8.

## ARGUMENT

Hammond argues that Your Honor should disqualify yourself from this case, pursuant to 28 U.S.C. §§ 455(a) and (b)(4), on the basis of an appearance of impartiality and financial interest because Mr. Kavaler was a purported victim of the Stratfor Hack and because Mr. Kavaler's law firm represents, in unrelated matters, entities that are also purported victims of the Stratfor Hack.  This argument is without merit and should be denied.

**A.**     **Applicable Law**

Title 28, United States Code, Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 455(b)(4) further provides that a judge shall disqualify herself when she knows that she, "individually or as a fiduciary, or [her] spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."

A judge is presumed to be impartial and the defendant bears a substantial burden to prove otherwise.  *See Farkas* v. *Ellis*, 768 F. Supp. 476, 478 (S.D.N.Y. 1991); *McCann* v. *Communications Design Corp.,* 775 F. Supp. 1506, 1522 (S.D.N.Y. 1991).  "'[D]isqualification for lack of impartiality must have a *reasonable* basis.'"  *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (quoting S. Rep. No. 93-419, at 5 (1973)) (emphasis in original).   Indeed, the Second

Circuit has "reminded litigants that Section 455(a) requires a showing that would cause 'an objective, disinterested observer fully informed of the underlying facts [to] entertain significant doubt that justice would be done absent recusal.'" *Id*. (quoting *United States* v. *Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)); *see also In re Certain Underwriter*, 294 F.3d 297, 305 (2d Cir. 2002) (same); *United States* v. *Bayless*, 201 F.3d 116, 127-28 (2d Cir. 2000) (question under Section 455(a) is whether "a reasonable person knowing and understanding all the relevant facts would recuse the judge") (internal quotation marks and citations omitted).

This objective standard of Section 455(a) is not to be applied "by considering what a straw poll of the only partly informed man-in-the-street would show." *Bayless*, 201 F.3d at 126-27 (internal quotation marks and citations omitted). Thus, a judge weighing recusal "must ignore rumors, innuendos, and erroneous information," *In re United States,* 666 F.2d 690, 695 (1st Cir. 1981), and avoid granting recusal motions for reasons that are "remote, contingent, or speculative." *In re Drexel Burnham Lambert, Inc*., 861 F.2d 1307, 1313 (2d Cir. 1988). "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Drexel*, 861 F.2d at 1312. Judges "must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning [the judge's] impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *Id.* Thus, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *Aguinda,* 241 F.3d at 201.

Indeed, the Second Circuit has "declin[ed] to adopt a *per se* rule requiring recusal in every instance where a judge has an interest in the victim of a crime," instead "believ[ing] that recusal is required only where the extent of the judge's interest in the crime victim is so substantial, or the amount that the victim might recover as restitution is so substantial, that an

objective observer would have a reasonable basis to doubt the judge's impartiality." *United States* v. *Lauersen*, 348 F.3d 329, 336-37 (2d Cir. 2003).

**B.     Discussion**

The defendant has utterly failed to establish that the Court's impartiality might reasonably be questioned or that the Court or her spouse has a financial interest requiring recusal. The defendant's conclusory arguments that Mr. Kavaler was either a victim of the Stratfor Hack or, impliedly, that he has a financial interest in this matter are entirely without factual foundation and should be rejected summarily.

First, since Mr. Kavaler never provided his credit card information to Stratfor, he did not receive any benefit from that lawsuit.[3]  Indeed, Mr. Kavaler confirmed as much in his affirmation, in which he stated that he did not receive any notice of the class action or any benefit therefrom.

Second, as the FBI's review of the stolen data – which was produced in the discovery material to the defendant – has shown, the only personal identifying information related to Mr. Kavaler that was disclosed as a result of the Stratfor Hack was his Cahill Gordon email address, which can be ascertained through a quick search of the firm's public website.  Disclosure of an email address which is already publicly available cannot reasonably support an argument that Mr. Kavaler was in any way harmed by the Stratfor Hack, mooting any interest in this proceeding based on a claim of victimhood or otherwise.  Further, to the extent Stratfor has a record of a two-week subscription from 2008 associated with Mr. Kavaler, Mr. Kavaler has no

---

[3] Moreover, because the Stratfor class action has been settled, there is no possible future benefit that Mr. Kavaler could derive from that lawsuit.

recollection of this subscription, it was *de minimis*, and it predated the Stratfor Hack by well over three years.

Third, the defendant's contention that Mr. Kavaler, and indirectly, the Court, has an interest, financial or otherwise, in this case, because he "has an attorney-client relationship with other prominent victims of the Stratfor hack, and his firm derives a percentage of its profits from its representations of these victims," (Def. Mem. at 6), is so attenuated as to be meaningless. According to the logic of defendant's argument, the fact that certain employees of clients of Your Honor's husband's law firm had their email addresses exposed as a result of the Stratfor Hack somehow would result in harm to their employers, and this unspecified harm would then be imputed financially to Cahill Gordon, which apparently represents them in undisputedly unrelated matters, and then, in turn, to Mr. Kavaler because he is a member of that firm. And according to the defendant that relationship would thus create an appearance of impartiality for the Court in this case because of its relationship with Mr. Kavaler. Not only does the defendant fail to articulate what harm was originally suffered by Mr. Kavaler's law firm's clients, the defendant also fails to show how any such harm, assuming it exists, would be imputed to Cahill and, by further extension, to Mr. Kavaler and then to the Court. The defendant is relying on nothing more than rank speculation in contending that Mr. Kavaler has any interest, financial or otherwise, in this case, and even more indirectly, that the Court does. Indeed, the record conclusively shows that neither Mr. Kavaler nor this Court has any such interest. For all of the above reasons, the defendant's arguments also fail to support any claim that a disinterested observer would reasonably doubt the Court's impartiality in general.[4]

---

[4] The defendant also argues for disqualification based on "a spate of recent news articles highlighting this Court's perceived conflict of interest." (Def. Mem. at 7). These articles, which almost entirely base their claims of judicial bias on an online posting attributed to Anonymous that claims that Mr. Kavaler is a

11

## **CONCLUSION**

      For the foregoing reasons, the Court should reject in its entirety Hammond's motion to disqualify the Court.

Dated: December 21, 2012
       New York, New York

                            Respectfully submitted,

                            PREET BHARARA
                            United States Attorney

                By: _____/S/_____
                            Thomas Brown
                            Rosemary Nidiry
                            Assistant United States Attorneys

---

"victim" of the Stratfor Hack, also include significant factual inaccuracies, for example, the erroneous claim that "[t]he pilfered documents [stolen as a result of the Stratfor Hack] included communications by Preska's husband, Thomas J. Kavaler, an employee of Stratfor client Cahill Gordon & Reindel LLP." *See* Def. Mem., Ex. B, at 11. They thus appear to be quintessential examples of the "rumors, innuendos, and erroneous information" that are an insufficient basis for recusal. *In re United States,* 666 F.2d at 695.

**CERTIFICATE OF SERVICE**

       I, Rosemary Nidiry, affirm under penalty of perjury that:

1.     I am an Assistant United States Attorney for the Southern District of New York.

2.     On December 21, 2012, I caused a true and correct copy of the foregoing GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR BAIL to be served by electronic mail upon:

                      Elizabeth M. Fink, Esq.
                      emf@fkolaw.com

Dated: December 21, 2012
        New York, New York

                                                      /S/
                                      Rosemary Nidiry
                                      Assistant United States Attorney