```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :    SUPERSEDING INFORMATION

          - v. -                   :    S2 12 Cr. 185 (LAP)

JEREMY HAMMOND,                    :
   a/k/a "Anarchaos,"
   a/k/a "sup_g,"                  :
   a/k/a "burn,"
   a/k/a "yohoho,"                 :
   a/k/a "POW,"
   a/k/a "tylerknowsthis,"         :
   a/k/a "crediblethreat,"
   a/k/a "ghost"                   :
   a/k/a "anarchacker,"
                                   :
           Defendant.
- - - - - - - - - - - - - - - - - -x
```

The United States Attorney charges:

BACKGROUND

1. From in or about late June 2011, up to and including at least in or about March 2012, JEREMY HAMMOND, a/k/a "Anarchaos," a/k/a "sup_g," a/k/a "burn," a/k/a "yohoho," a/k/a "POW," a/k/a "tylerknowsthis," a/k/a "crediblethreat," a/k/a "ghost," a/k/a "anarchacker," the defendant, and co-conspirators not named herein, as members of an on-line hacking group called "Operation Anti-Security," or "AntiSec," launched cyber attacks on, and gained unauthorized access to, websites and computer systems of various entities, including the following victim, among others:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 2 8 2013

### Hack of Stratfor

a.  From at least in or about December 2011, up to and including in or about March 2012, HAMMOND and his co-conspirators mounted a cyber assault on the website and computer systems of Strategic Forecasting, Inc. ("Stratfor"), an information analysis company based in Austin, Texas, which maintained the website "www.stratfor.com."

b.  HAMMOND and his co-conspirators accessed without authorization computer servers in Texas used by Stratfor and, among other things:

    i.  stole confidential information from those servers, including approximately 60,000 credit card numbers and associated data belonging to clients of Stratfor, including the cardholders' names and addresses, as well as the cards' security codes and expiration dates; records for approximately 860,000 Stratfor clients, including individual user IDs, usernames, encrypted passwords, and email addresses; emails belonging to Stratfor employees; and internal Stratfor corporate documents;

    ii.  used some of the stolen credit card data to make at least $700,000 worth of unauthorized charges;

    iii.  defaced Stratfor's website; www.stratfor.com;

           iv.    deleted data from Stratfor's computer servers, including Stratfor employees' stored emails and historical archives of Stratfor analytical products;

           v.    publicly disclosed confidential data that had been stolen from Stratfor's servers, including, among other things, names, addresses, credit card numbers, usernames, and email addresses for thousands of Stratfor clients, as well as Stratfor employees' emails; and

           vi.    uploaded data stolen from Stratfor onto a server located in the Southern District of New York.

## STATUTORY ALLEGATIONS

2. From at least in or about June 2011, up to and including in or about March 2012, in the Southern District of New York and elsewhere, JEREMY HAMMOND, a/k/a "Anarchaos," a/k/a "sup_g," a/k/a "burn," a/k/a "yohoho," a/k/a "POW," a/k/a "tylerknowsthis," a/k/a "crediblethreat," a/k/a "ghost," a/k/a "anarchacker," the defendant, and others known and unknown, willfully and knowingly, combined, conspired, confederated, and agreed together and with each other to engage in computer hacking, in violation of Title 18, United States Code, Section 1030(a)(2).

3. It was a part and an object of the conspiracy that JEREMY HAMMOND, a/k/a "Anarchaos," a/k/a "sup_g," a/k/a "burn," a/k/a "yohoho," a/k/a "POW," a/k/a "tylerknowsthis,"

a/k/a "crediblethreat," a/k/a "ghost," a/k/a "anarchacker," the defendant, after having been convicted of another offense under this section, and others known and unknown, willfully and knowingly would and did intentionally access computers without authorization and exceed authorized access, and thereby obtain information from protected computers, and the value of the information obtained exceeded $5,000, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(c)(2)(B)(iii), and 1030(c)(2)(C).

## OVERT ACTS

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere by JEREMY HAMMOND, a/k/a "Anarchaos," a/k/a "sup_g," a/k/a "burn," a/k/a "yohoho," a/k/a "POW," a/k/a "tylerknowsthis," a/k/a "crediblethreat," a/k/a "ghost," a/k/a "anarchacker," the defendant, and others:

    a. On or about December 14, 2011, HAMMOND exchanged online chat messages with a co-conspirator not named as a defendant herein ("CC-1"), in which HAMMOND stated that he had gained unauthorized access to Stratfor's computer network.

    b. On or about December 19, 2011, a co-conspirator not named herein ("CC-2") uploaded data stolen from

Stratfor to a computer server located in the Southern District of New York.

   c. On or about December 26, 2011, HAMMOND exchanged online chat messages with co-conspirators not named herein ("CC-3" and "CC-4"), in which HAMMOND stated that he and his co-conspirators had decrypted the passwords for the user accounts of 4,500 Stratfor clients.

   d. On or about December 26, 2011, HAMMOND exchanged online chat messages with CC-3 and CC-4, in which they discussed exploiting credit card information that had been stolen from Stratfor's computer servers.

   (Title 18, United States Code, Section 1030(b).)

### FORFEITURE ALLEGATION

   5. As a result of committing the offense charged in this Information, JEREMY HAMMOND, a/k/a "Anarchaos," a/k/a "sup g," a/k/a "burn," a/k/a "yohoho," a/k/a "POW," a/k/a "tylerknowsthis," a/k/a "crediblethreat," a/k/a "ghost," a/k/a "anarchacker," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit or facilitate the commission of the said offense and any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said offense.

## SUBSTITUTE ASSETS PROVISION

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1030(i), and Title 21, United States Code, Section 853(p).)

*Preet Bharara*
PREET BHARARA
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

===

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

===

UNITED STATES OF AMERICA

- v. -

JEREMY HAMMOND,
a/k/a "Anarchaos," "sup g," "burn,"
"yohoho," "POW," "tylerknowsthis,"
"crediblethreat,"
"ghost"  "anarchacker,"

Defendant.

===

**INFORMATION**

S2 12 Cr. 185 (LAP)

(18 U.S.C. § 1030(b))

　

　

PREET BHARARA
United States Attorney.

===