D5snhamp                    Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                         12 Cr. 185 (LAP)

5    JEREMY HAMMOND,

6                Defendant.

7    ------------------------------x

8                                         New York, New York
                                          May 28, 2013
9                                         10:30 a.m.

10

11   Before:

                        HON. LORETTA A. PRESKA,
12
                                          Chief Judge
13

14                           APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  ROSEMARY NIDIRY
17        THOMAS G.A. BROWN
          Assistant United States Attorneys
18
     SARAH KUNSTLER
19   ELIZABETH FINK
     GRAINNE O'NEIL
20   MARGARET RATNER KUNSTLER
          Attorneys for Defendant
21

22

23

24

25

D5snhamp                          Plea

1

2

3              (In open court)

4              (Case called)

5              THE COURT:  Good morning.

6              How would you like to proceed, Ms. Kuntsler?

7              MS. KUNSTLER:  Today we would like to withdraw

8     Mr. Hammond's previously entered plea of not guilty to the

9     indictment and enter a plea of guilty to the superseding

10    information.

11             THE COURT:  Yes, ma'am.

12             Mr. Hammond, would you stand, please and raise your

13    right hand.

14             (Defendant sworn)

15             THE COURT:  Sir, do you understand that you are now

16    under oath, and if you answer falsely, your answers may later

17    be used against you in a prosecution for perjury or the making

18    of a false statement?

19             THE DEFENDANT:  Yes.

20             THE COURT:  How old are you, sir?

21             THE DEFENDANT:  28.

22             THE COURT:  Where were you born?

23             THE DEFENDANT:  Chicago.

24             THE COURT:  So you are a citizen of the United States?

25             THE DEFENDANT:  Yes.

D5snhamp                    Plea

1              THE COURT:  And you read, write, speak and understand

2      English, is that right?

3              THE DEFENDANT:  Yes.

4              THE COURT:  How far did you go in school, sir?

5              THE DEFENDANT:  Some college.

6              THE COURT:  Are you currently or have you recently

7      been under the care of a doctor or a psychiatrist?

8              THE DEFENDANT:  No.

9              THE COURT:  Have you been hospitalized or treated

10     recently for alcoholism, narcotic addiction, or any other type

11     of drug abuse?

12             THE DEFENDANT:  No.

13             THE COURT:  Have you ever been treated for any form of

14     mental illness?

15             THE DEFENDANT:  No.

16             THE COURT:  Are you currently under the influence of

17     any substance, such as alcohol, drugs or any medication that

18     might affect your ability to understand what you are doing here

19     in court today?

20             THE DEFENDANT:  No.

21             THE COURT:  Do you feel well enough to understand what

22     you are doing here in court today?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Sir, have you received a copy of the

25     superseding information against you S2 12 Cr. 185?

D5snhamp                    Plea

1             THE DEFENDANT:  Yes.

2             THE COURT:  Have you gone over it with your attorneys?

3             THE DEFENDANT:  Yes.

4             THE COURT:  Have your attorneys explained the charges

5    against you?

6             THE DEFENDANT:  Yes.

7             THE COURT:  Now, sir, you understand that you are

8    under no obligation -- let me ask you this first:  Do you

9    understand that you have the right to have your case presented

10   to the grand jury for indictment?

11            THE DEFENDANT:  Yes.

12            THE COURT:  Do you understand that you are under no

13   obligation to waive that right?

14            THE DEFENDANT:  Yes.

15            THE COURT:  Do you understand that if you do not waive

16   that right and if the government wishes to prosecute you, the

17   government would have to present your case to the grand jury,

18   which might or might not indict you?

19            THE DEFENDANT:  Yes.

20            THE COURT:  Do you correctly understand that after

21   speaking with your attorneys you have decided that in this

22   instance it is in your best interest to waive indictment?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Sir, did you signify your waiver of

25   indictment by signing this form titled waiver of indictment,

D5snhamp                    Plea

1    which is dated May 28, 2013?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Sir, is that your signature over there on

4    the left-hand side over the word "defendant"?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Thank you.

7         I find that Mr. Hammond is knowingly and voluntarily

8    waived his right to indictment.

9         Now, sir, you told me that your lawyers had explained

10   to you the charges against you in the superseding information,

11   correct?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Sir, did you tell your lawyers everything

14   you know about the matters that are contained in the

15   superseding information?

16             THE DEFENDANT:  Yes.

17             THE COURT:  You didn't hold anything back from them,

18   did you?

19             THE DEFENDANT:  No.

20             THE COURT:  Now, counsel, do I correctly understand

21   that is an agreement between the defendant and the government

22   which is dated May 23, 2013, and which is signed May 28, 2013?

23             MS. KUNSTLER:  Yes.

24             MS. NIDIRY:  Yes.

25             THE COURT:  Ms. Nidiry, would you summarize, please,

D5snhamp                    Plea

1    the terms and conditions of the agreement.

2              MS. NIDIRY:  Yes, your Honor.

3              Pursuant to the agreement the defendant agrees to

4    plead guilty --

5              THE COURT:  Keep your voice up, please.

6              MS. NIDIRY:  -- to plead guilty to the charge in the

7    information, which charges him with conspiracy to engage in

8    computer hacking between in or about June 2011 and March 2012

9    in connection with a hack of the computer systems used by

10   Strategic Forecasting, also known as Stratfor, and public

11   dissemination of information obtained through that hack.

12             The defendant also admits as relevant conduct to be

13   considered at the time of sentencing his involvement in a

14   series of hacks that are set out in the agreement, eight of

15   them.

16             Would you like me to go through them?

17             THE COURT:  Why don't you just note the entity hacked

18   and the date on which the hack took place.

19             MS. NIDIRY:  Yes, your Honor.

20             A hack of the computer systems used by Arizona

21   Department of Public Safety in June 2011; the Federal Bureau of

22   Investigation's Virtual Academy in June 2011; Brooks-Jeffrey

23   Marketing, Inc. in July 2011; Special Forces Gear, website

24   SpecialForces.com in August of 2011; Vanguard Defense

25   Industries in August of 2011; Jefferson County Alabama

D5snhamp                        Plea

1  Sheriff's Office's computer systems in October of 2011; the

2  Boston Police Patrolman's Association website, in October of

3  2011; and of Combined Systems in February of 2012.

4          In consideration of the defendant's plea to the

5  offense as well as the hacks that I have just listed, including

6  his admission of that, the government agrees that the defendant

7  will not be further prosecuted criminally by the U.S.

8  Attorney's Office of the Southern District of New York, any of

9  the other 93 U.S. Attorney's Offices, the Criminal Division of

10  the United States Department of Justice, except for criminal

11  tax violations as set forth for the computer hacking and

12  unauthorized computer intrusion activities set forth in the

13  information in the relevant conduct and based on evidence

14  obtained from the laptop computer seized from the defendant at

15  the time of his arrest on March 5 of 2012, or based on evidence

16  obtained from the defendant's communications with a cooperating

17  witness in the course of the government's investigation of the

18  instant offense.

19          And also pursuant to this agreement the defendant

20  stipulates to a guidelines analysis that is set forth in the

21  agreement, which includes a loss amount of $1 million to $2.5

22  million as well as that the offense involved 250 or more

23  victims; that it involved sophisticated means, involved an

24  intent to obtain personal information or the unauthorized

25  public dissemination of personal information; that the offense,

D5snhamp                    Plea

1    including the relevant conduct for all of these, involved a

2    computer system used by or for a government entity in

3    furtherance of the administration of justice; and that assuming

4    that the defendant complies with the plea agreement and admits

5    his responsibility he's entitled to acceptance of

6    responsibility, resulting in a guidelines analysis range of 151

7    to 188 months' imprisonment, with a maximum sentence available

8    of 10 years, or 120 months, which is the stipulated guidelines

9    sentence; and that the defendant waives any direct or

10   collateral appeal of a sentence of 120 months or below, a fine

11   of $150,000 or below, and at that time defendant waives any

12   appeal of restitution to be directed at sentencing by the Court

13   of $2.5 million or below.

14            THE COURT:  Thank you.

15            Mr. Hammond, are those the terms and conditions of the

16   agreement as you understand them?

17            THE DEFENDANT:  Yes.

18            THE COURT:  Sir, have you had enough time to review

19   the agreement and to go over it with your attorneys and to have

20   all of your questions answered?

21            THE DEFENDANT:  Yes.

22            THE COURT:  Sir, I'm holding up the original of the

23   agreement and turning to the last page -- not the last page,

24   the next to last page.

25            Is that your signature over on the left-hand side

D5snhamp                    Plea

1    under the words "agreed and consented to"?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Am I correct that your willingness to

4    offer to plead guilty is in part a result of this agreement

5    between you and the government?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Counsel, are there any additional

8    agreements between the defendant and the government that are

9    not set forth in the written plea agreement?

10             MS. NIDIRY:  No, your Honor.

11             MS. KUNSTLER:  No, your Honor.

12             THE COURT:  Very well.  Then the agreement is

13   acceptable to the Court.

14             Now, Mr. Hammond, have you been induced to offer to

15   plead guilty as a result of any fear, pressure, threat, or

16   force of any kind?

17             THE DEFENDANT:  No.

18             THE COURT:  Have you been induced to offer to plead

19   guilty as a result of any statements by anyone other than in

20   your written plea agreement to the effect that you would get

21   special treatment or special consideration or some kind of

22   special leniency if you pleaded guilty rather than going to

23   trial?

24             THE DEFENDANT:  No.

25             THE COURT:  Do you understand that you have the right

D5snhamp                    Plea

1   to enter a plea of guilty to the superseding information and to

2   proceed to trial?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Do you understand that if you do not plead

5   guilty, you have a right to a speedy and public trial by a jury

6   of 12 persons?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Do you understand that you have the right

9   to be represented by an attorney at trial and at every stage of

10  the proceedings, including an appeal, and if you cannot afford

11  an attorney, one will be appointed to represent you free of

12  charge?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you understand that if your plea of

15  guilty is accepted, there will be no further trial of any kind?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Do you understand that if you pleaded not

18  guilty and went to trial, that upon such a trial, you would be

19  presumed innocent unless and until the government proved your

20  guilt beyond a reasonable doubt to all 12 jurors?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you understand that at such a trial you

23  would have the right to confront and cross-examine all of the

24  witnesses called by the government against you?

25          THE DEFENDANT:  Yes.

D5snhamp                        Plea

1          THE COURT:  Do you understand that at such a trial you

2     could remain silent and no inference could be drawn against you

3     by reason of your silence; or, if you wanted to, you could take

4     the stand and testify in your own defense?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that at such a trial you

7     would have the right to subpoena witnesses and evidence for

8     your own defense?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that if your offer to

11     plead guilty is accepted, you give up these rights with respect

12     to this charge against you, and the Court may impose sentence

13     just as though a jury had brought in a verdict of guilty

14     against you?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand that if you wanted to,

17     and if the government agreed, you could have a trial before a

18     judge without a jury, in which event the burden of proof would

19     still be on the government, and you would still have the same

20     constitutional rights?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Sir, do you understand that upon your plea

23     of guilty to this charge, the Court has the power to impose

24     upon you a maximum sentence of 10 years' imprisonment, a

25     maximum period of supervised release of three years, a maximum

D5snhamp                    Plea

1    fine of the greatest of $250,000, twice the gross pecuniary

2    gain derived from the offense or twice the gross pecuniary loss

3    resulting from the offense, together with a mandatory $100

4    special assessment?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Do you also understand, sir, that, in

7    addition to those other punishments that I have just mentioned,

8    upon your plea of guilty to this charge the Court must order

9    restitution to the victims of your crime?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Sir, do you also understand that if the

12   terms and conditions of supervised release are violated, you

13   may be required to serve an additional period of imprisonment

14   which is equal to the period of supervised release with no

15   credit for time already spent on supervised release?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Have you discussed the sentencing

18   guidelines with your attorneys?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Do you understand that the Court will not

21   be able to determine exactly what guideline applies to your

22   case until a presentence report has been completed and you and

23   your attorneys and the government have a chance to read it and

24   to challenge the facts that are set out by the probation

25   officer?

D5snhamp                     Plea

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you also understand, sir, that in

3    determining a sentence it's the Court's obligation to calculate

4    the applicable sentencing guidelines range and then to consider

5    that range, possible departures from that range under the

6    guidelines, and other sentencing factors set out in the

7    statute, 18 United States Code, Section 3553(a)?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Sir, do you understand that under some

10   circumstances as set forth in your plea agreement, you or the

11   government might have the right to appeal whatever sentence is

12   imposed?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And do you understand that parole has been

15   abolished so if you're sentenced to prison, you will not be

16   released on parole?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you understand that you will not be

19   able to withdraw your plea on the ground that your lawyer's

20   prediction or anybody else's prediction as to the applicable

21   guidelines range or as to the actual sentence turns out not to

22   be correct?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand that the offense to

25   which you are pleading guilty is a felony?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Are you fully satisfied with the advice,

3    counsel, and representation given to you by your attorneys,

4    Ms. Fink and Ms. Kuntsler.

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do I correctly understand that you are

7    offering to plead guilty because you are in fact guilty?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Sir, if you wish to plead guilty, I'm

10   going to ask you to tell me what you did.

11         As you can see, your answers will be made in the

12   presence of your attorneys and your answers will be recorded on

13   the record.

14         I remind you again that you are still under oath, so

15   if you answer falsely, your answers may later be used against

16   you?

17         Do you understand, sir?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Do you still wish to plead guilty?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Tell me what you did, sir.

22         THE DEFENDANT:  From about June 2011 to about March

23   2012, I agreed with other people to intentionally access

24   without authorization, or hack, computer systems used by a

25   company called Strategic Forecasting Incorporated, Stratfor,

D5snhamp                    Plea

1    and take from those computer systems information the value of

2    which exceeded five grand.  I knew what I was doing was against

3    the law.  During this time, some of this information was

4    intentionally uploaded to a computer server located in New

5    York, New York.

6            In addition, from in or about January 2011 to March

7    2012 I also hacked computer systems used by other entities.

8            Specifically, in about June 2011, I hacked computer

9    systems used by the Arizona Department of Public Safety, a

10   state law enforcement agency in Arizona, which maintained the

11   website AZDPS.gov.

12           In about June 2011 I hacked computer systems used by

13   the Federal Bureau of Investigation's Virtual Academy, which

14   maintained the website fbiva.fbi.edu.

15           In about July 2011 I hacked computer systems owned by

16   Brooks-Jeffrey Marketing Incorporated, a company based in

17   Mountain Home, Arkansas, which maintained various websites,

18   including Brooks-Jeffrey.com and various law enforcement

19   related websites.

20           In about August 2011, I hacked computer systems used

21   by Special Forces Gear, a company based in California which

22   maintained the website SpecialForces.com.

23           In about August 2011 I hacked computer systems used by

24   Vanguard Defense Industries, a company based in Texas which

25   maintained the website vanguarddefense.com.

D5snhamp                    Plea

1          In about October 2011 I hacked computer systems used

2     by the Jefferson County Alabama Sheriff's Office which

3     maintained the website jeffcosheriff.com.

4          In about October 2011 I hacked computer systems used

5     by the Boston Police Patrolman's Association, an organization

6     based in Massachusetts which maintained a website BPPA.org.

7          And in about February 2011 -- sorry, 2012, I hacked

8     computer systems used by Combined Systems Incorporated, a

9     company based in Pennsylvania, which maintained the website

10    combinedsystems.com.

11         As part of each of these hacks, I took and

12    disseminated confidential information stored on the computer

13    systems websites used by each of the above entities.  For each

14    of these hacks I knew what I was doing was against the law.

15         THE COURT:  Thank you, sir.

16         Is it correct to say that the combination of these

17    various hacks involved 250 or more victims?

18         Is that fair to say, sir?

19         (Counsel conferred with the defendant)

20         MS. NIDIRY:  Your Honor, the government can represent

21    that our evidence would demonstrate that in terms of both the

22    victims of the particular entities as well as the entities,

23    taking all of the entities as well as the particular victims

24    that were victimized by the conduct that it would be 250

25    victims or more.

D5snhamp                    Plea

1        THE COURT:  What about the reasonable estimate of the

2    loss involved in the offense being between one million and less

3    than two and a half million dollars.

4        MS. NIDIRY:  Similarly, we can represent that the

5    evidence would show that that would be the loss amount that was

6    suffered by the victims of this.

7        THE COURT:  Is there anything further with respect to

8    the allocution?

9        MS. NIDIRY:  Your Honor, just for the record, I'm not

10   sure if I missed this, but just to make sure that it is clear

11   for the record what the elements were, the defendant's

12   allocution met those elements, but I just want to make sure.

13   The crime of conspiracy, which is what he's charged with, the

14   elements are that there existed an agreement or implicit

15   understanding between two or more people to violate a law of

16   the United States, that the defendant knowingly and willingly

17   joined that agreement, and that any one member of the

18   conspiracy committed at least one overt act in the Southern

19   District of New York.  And the object of the conspiracy here is

20   computer hacking to obtain information in violation of 18

21   U.S.C. 1030(a)(2)(A).

22       The elements of that offense are that, without

23   authorization, members of the conspiracy agreed to

24   intentionally access a computer, that they obtained information

25   from a protected computer, and that the value of the

1    information obtained was greater than $5,000.

2           With regard to venue, I believe that defendant said

3    that, I believe he did say that information was intentionally

4    uploaded to a server located in the Southern District of New

5    York.

6           We can represent that our evidence would demonstrate

7    that members of the conspiracy did that uploading of the

8    information to the server in the Southern District of New York.

9           THE COURT:  So it's the government's position that the

10   allocution is sufficient?

11          MS. NIDIRY:  Yes, your Honor.

12          THE COURT:  And the government has sufficient evidence

13   to make a prima facie case?

14          MS. NIDIRY:  Yes, your Honor.

15          THE COURT:  Thank you.  Ms. Kuntsler, do you know of

16   any valid legal defense that would prevail if Mr. Hammond went

17   to trial?

18          MS. KUNSTLER:  I do not.

19          THE COURT:  Do you know of any reason why he should

20   not plead guilty?

21          MS. KUNSTLER:  I do not.

22          THE COURT:  Very well then.  The plea is accepted.

23   It's the finding of the Court in the case of the United States

24   v. Jeremy Hammond that the defendant is fully competent and

25   capable of entering an informed plea and that his plea of

D5snhamp                     Plea

```
 1    guilty is knowing and voluntary and is supported by an
 2    independent basis in fact containing each and every essential
 3    element of the offense.
 4            My findings are based upon Mr. Hammond's allocution
 5    and in addition upon my observations of Mr. Hammond here in
 6    court today.  The plea of guilty is accepted and shall be
 7    entered.  The defendant is now adjudged to be guilty of the
 8    offense.
 9            Now, Mr. Hammond, as you know, you will be required to
10    meet with the probation officer and to give the officer certain
11    information to be included in the presentence report.  Your
12    lawyers may be present with you when you meet with the
13    probation officer if you wish, but certainly both you and they
14    and the government will have a chance to read the presentence
15    report prior to eventing.
16            Sentencing will be on September 6 at 10 a.m.
17            Counsel, is there anything further today?
18            MS. NIDIRY:  Nothing further from the government,
19    thank you.
20            MS. KUNSTLER:  Nothing further from the defense, your
21    Honor.
22            THE COURT:  Yes, ma'am.  Thank you.  Good morning,
23    ladies and gentlemen.
24            (Adjourned)
25
```