In years of litigating cases involving surveillance, torture, renditions and war crimes against our government (as well as some private corporations), we are often met with claims by the government that the lawsuits cannot continue because the matters concern state secrets. Cases are routinely dismissed for this reason and the truth is neither revealed nor is the legality of the conduct litigated. This trend of dismissal of cases on state secrets grounds has been increasing and it is fair to say that the illegal acts of our government and the private security and intelligence companies that work with it are increasingly hidden from the American public and world. In fact, litigation against the government is no longer a path to the truth or justice.

It is for this reason that truth tellers like Mr. Hammond have become more and more important in insuring that people know what their government and private intelligence companies are doing in their names. It is the case that Mr. Hammond has pleaded guilty to violation the law, but the greater crime is keeping from us knowledge, particularly of criminality, that ought to be public and prosecuted. Truth tellers are always necessary in a society. Sadly, now, they are more necessary than ever.

*Michael Ratner*
Michael Ratner

# UMass Dartmouth

285 Old Westport Road, N. Dartmouth, MA  02747   508-999-8000

Honorable Loretta A. Preska
Chief Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

October 14, 2013

Dear Judge Preska:

    I write to you in the hope that you will take a compassionate approach to the sentencing of Jeremy Hammond. I am an Associate Professor of Philosophy at UMASS Dartmouth. For a decade I have been teaching courses on Ethics, Technology and the Internet, and courses in my area of scholarly specialization, Ancient Greek Philosophy. I am aware that Jeremy has pled guilty to the charges against him—violation of the Computer Fraud and Abuse Act. I am also aware that he has pled guilty as an act of Civil Disobedience. You are in the position of reconciling Jeremy's violation of the law with the full context of the case, which includes this intention. Leniency in sentencing is, in my view, an appropriate reconciliation. While I believe that the Computer Fraud and Abuse Act is a problematic piece of legislation, the matter before you is not overturning this law but overseeing its implementation in a specific instance. A young person's life and the direction it will take in the future is on the line.

    Jeremy's political activism, often called "hacktivism," is a new context in which Civil Disobedience has emerged with respect to technology in the 21st century. Breaking into computer systems may seem an unlikely method of activism, however the Computer Fraud and Abuse Act is unhelpful in distinguishing between those breaking the law for illegal profit and those breaking the law without any profit as their aim—those whose goal is to reveal highly problematic, secret conspiratorial activities. Jeremy's case is one of the latter types of cases. Personal, illegal profit was neither his motive nor goal. Revealing the truth about a private surveillance and intelligence firm, Stratfor (Strategic Forecasting), was. Jeremy has admitted guilt to what amounts to "breaking and entering" in order to release such information to the public. People may disagree about whether or not the public ought to know about the workings of private intelligence firms. Jeremy clearly believes that *the public ought to know*—herein lies his *moral motivation* and the core of his Civil Disobedience. I wish to assure you that this is an authentic instance of Civil Disobedience. I believe you would be wholly justified in determining a sentence that does not level Jeremy with genuine criminals.

    Jeremy did not act alone, and I hope that you consider the international context in which his co-defendants have been treated in their respective countries. His Irish co-defendants will not be prosecuted at all and those already convicted in

C 19

the United Kingdom will not spend more than 16 months in prison. These other countries take computer fraud no less seriously than we do in the United States. The Computer Fraud and Abuse Act should not, I believe, force harsher penalties upon our citizens, particularly Jeremy Hammond. He has stood by his moral convictions and now faces the consequences of breaking the law. My hope is that you find it perfectly within reason to sentence Jeremy with leniency. There is public support for your making such a sentencing decision—you, too, would not stand alone just as Jeremy does not stand alone.

Thank you for your time and consideration.

Sincerely,

Maureen Eckert
Associate Professor, Philosophy Department
UMASS Dartmouth

C 20

Honorable Loretta A. Preska
Chief Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

October 14, 2013

Dear Judge Preska:

    I am an individual and radio operator who was a subscriber & customer of Stratfor Incorporated at the time of their computer break-in. In this case, I am aware that Jeremy Hammond has pled guilty to a violation of the Computer Fraud and Abuse Act regarding the computer break-in of Stratfor Incorporated. I am writing this letter to ask that Jeremy Hammond be treated with compassion and leniency. The reasons I am asking for compassion are as follows; His break-in of the Stratfor computers was clearly a political protest that ultimately showed he had no intent to profit from data uncovered by his actions. I am relieved that this computer break-in was quickly made public because it would of been devastating to Stratfor and myself if the attack was done by a foreign entity or a criminal organization who would of kept the computer break-in secret, possibly using the data for nefarious purposes. In my opinion, no long term harm or damage has resulted to Stratfor Inc. or myself. Lastly, the computer break-in was a catalyst for Stratfor, its customers, including myself to utilize better computer security practices.

I understand Jeremy has been incarcerated since his arrest. His co-defendants in Ireland and the United Kingdom have been sentenced to terms of 16 months in prison or less for their participation in this criminal act. His imprisonment is a cloud that will shadow Stratfor and its customers until he is finally released. It is important that Jeremy Hammond be shown compassion and leniency, thus allowing all concerned parties to move forward, including Jeremy regarding his own rehabilitation.

I thank you for your time and consideration in this matter.

Sincerely,



Anthony C. Arthur

C 21

Honorable Loretta A. Preska, Chief Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

October 13, 2013

Dear Judge Preska,

We are the Yes Men, a team of filmmaker-activists who use satire to raise awareness of important social issues. The case of Mr. Jeremy Hammond is highly compelling to us because he is a man whose righteous intentions are the same as those which fuel our own efforts to improve our communities and the world. We're aware that Mr. Hammond pled guilty to a violation of the Computer Fraud and Abuse Act, and we are writing Your Honor to ask that he should be treated with compassion, in light of his intensely humanistic, nonviolent, open-hearted intentions.

It is distressing to us that he faces such repercussions for taking actions that were meant only to bring positive change. His co-defendants in the UK will either not be prosecuted or will serve minimal sentences, which seems just. The sentences associated with the CFAA seem grossly disproportionate, and would seem to give corporations greater protections than people -- people who may be subjected to surveillance by private corporations such as Stratfor, as we were.

We implore Your Honor to treat Mr. Hammond with compassion, in consideration of his purely moral intentions, his strongly evident compassion and sense of social justice, and the obviously significant fact that he had no financial motivations whatsoever.

Sincerely,

Andy Bichlbaum and Mike Bonanno
The Yes Men

C 22

Honorable Loretta A. Preska
Chief Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

15 October 2013

Honorable Judge Preska:

My name is Azzurra Crispino, and I am an Associate Professor of Philosophy at a major Central Texas Community College. I primarily teach Ethics. I was involved in Occupy Austin, and have been corresponding with Mr. Jeremy Hammond during his incarceration. I understand that Mr. Hammond has pled guilty of the Computer Fraud and Abuse Act. I am writing today to implore you to treat Jeremy with leniency and compassion in his sentencing.

In the year or so that I have been corresponding with Mr. Hammond, I have found him to be a compassionate, self-possessed young man who is intent on making our society better through revealing corruption. His methods may have been inadvisable, but his motivations were to make our society more just. He did not profit from these actions, nor did he attempt to use the information revealed in the hack for personal or monetary gain. I believe these factors make him an ideal candidate for leniency.

Mr. Hammond's crime impacted me personally, 

As much as I understand that Mr. Hammond was wrong to break the law and compromise those servers,

C 23



In "Letter from Birmingham Jail", Dr. Martin Luther King, Jr. writes:
"[o]ne who breaks an unjust law must do so openly, lovingly, and with a willingness to accept the penalty. I submit that an individual who breaks a law that conscience tells him is unjust, and who willingly accepts the penalty of imprisonment in order to arouse the conscience of the community over its injustice, is in reality expressing the highest respect for law". Mr. Hammond's actions reflect Dr. King's sentiments in this passage. His purpose in compromising those servers was to highlight the extent to which immoral and possibly illegal surveillance and entrapment were occurring throughout many Occupy movements around the country. I believe Mr. Hammond broke the law in the service of a higher principle. He is ready to accept his punishment lovingly and willingly. I am begging you to please ease his burden, especially in light of the light on corruption shed by his actions.

I urge you to be lenient and compassionate when sentencing Jeremy Hammond.

Thank you for taking the time to read this letter,

Azzurra Crispino
Associate Professor, Department of Philosophy

C 24

Honorable Loretta A. Preska
Chief Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

October 11, 2013

Dear Judge Preska,

I do human rights work on behalf of the Baloch people in Pakistan and learned of Jeremy Hammond's case by way of the hyperactive twitter account of the hacker named Sabu.

While a handful of journalists have covered the extrajudicial abductions and killings in Balochistan, human rights activists labored under the impression that world and US officials were largely unaware of the situation in Balochistan—until the Wikileaks revelations showed otherwise. And with the Stratfor leaks, we were offered a glimpse of just how widespread the knowledge is of the strife in Balochistan.

I do not know Jeremy personally, but many activists were following the hactivists on twitter because they appeared to be politically motivated by a desire to change the world for the better. And in our case, because the UN, world leaders and even several high-profile human rights organizations failed to publicly address the dire situation in Balochistan, urge any investigations or attempt to influence the behavior of the Pakistan military and its agencies, we paid attention to their activities on the off chance that further hactivist revelations might reveal what had happened to the disappeared and those responsible for the disappearances of Baloch activists. At the time I knew of a case in which a Pakistani national living in Pakistan was warned by diplomats of a threat against his life, so it seemed to me that there is no lack of information regarding what the reality on the ground is—it just had to be uncovered.

Indeed, prior to Sabu so famously disappearing with the literary flourish, "The greatest trick the devil ever pulled was convincing the world he did not exist and like that...he is gone," a mother whose son had been abducted in Balochistan had penned an open letter to the website crisisbalochistan.com stating, "Maybe these hackers will uncover information that will reveal to us if our children are alive or dead."

It is against this background that I attended two of Jeremy's hearings in New York. I was chagrined by the possibility that a bright young man whose motivations were seemingly altruistic could face so much time in prison for his actions. And because that particular hack revealed to Baloch activists that their pleas and case had, in fact, reached the attention of many people in a position to actually address the issues, it had been beneficial to that particular human rights cause.

I am aware that Jeremy pled guilty to a violation of the Computer Fraud and Abuse Act and I am also aware that Jeremy's co-defendants in Ireland and the United Kingdom have either been released or are serving relatively short sentences. In sentencing Jeremy Hammond, I respectfully request that you grant him leniency. I understand his acts were born of compassion and politically motivated—not financial—and were undertaken as acts of civil disobedience. It is my sincere hope that Jeremy will be released with a sentence of time served.

Respectfully,

Wendelin Johnson

C 25

**ALEXA D. O'BRIEN**



Honorable Loretta A. Preska
Chief Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**October 15, 2013**

Dear Judge Preska:

I am an American journalist. My work has been published in The Guardian (UK), The Daily Beast, and Salon.com. My recent work covering the Chelsea (formerly Bradley) Manning's court martial was shortlisted for the 2013 Martha Gellhorn Prize for Journalism in the UK.

Please consider Jeremy Hammond's act in light of its true political nature as civil disobedience and show leniency towards him when making your sentencing determination.

The disproportionate sentences associated with the CFAA and the protection the CFAA affords corporations is greater than those it affords to individuals, who may be subjected to surveillance by private corporations like Stratfor. Hammond's co-defendants in Ireland will not be prosecuted and in the UK those who are already convicted will not spend more than 16 months in prison.

The emails were part of a number of submissions I made in Hedges versus Obama, a lawsuit filed in the Southern District of New York against the indefinite detention clause of the 2012 National Defense Authorization Act.

Judge Katherine Forrest ruled that my submissions and testimony illustrated that I had a credible fear concerning Section 1021(b)(2) of the 2012 NDAA, which allows for the indefinite detention without charges or trial of anyone who are deemed to be terrorists or 'terrorist sympathizers'.

Forrest permanently enjoined Section 1021(b)(2) in September 2012. The 2nd Circuit recently overturned her decision. We are making application to the Supreme Court.

Sincerely,

*Alexa O'Brien*

C 26

Honorable Loretta A. Preska
Chief Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

October 10, 2013

Dear Judge Preska,

I am an American Journalist living and working in Bhopal, India. I am writing to you today to humbly ask for you to consider being lenient when sentencing Jeremy Hammond. In Bhopal, I have been covering The Bhopal Disaster. You may have heard about this tragedy. A deadly gas leak in an American-owned factory left 2,800 people immediately in 1984, and thousands more would die in the years to come. I can tell you some of the stories I've heard: survivors of the disaster who lost their husband and all their children, stories of people literally falling over corpses as they run for their lives the night that the gas leaked from the factory. Or the long 29 years it's been since as they've tried to seek justice and compensation for the disaster that has left many survivors and their children and their grandchildren with health problems, including birth defects and cancer.

At first glance, this may sound off-topic but it is directly related to the case of Jeremy Hammond.



Jeremy Hammond did not leak the documents for any monetary or individual gain. He leaked the documents as a political act of civil disobedience. His co-defendants are facing significantly less prison time than Jeremy, or no prison time at all. In Ireland, they won't even be prosecuted. There is no doubt that Jeremy Hammond broke the law. For this, he has pled guilty. But there is doubt as to whether his crime deserves 10 years in prison.

Judge Preska, I am asking humbly that you show compassion and leniency when sentencing Jeremy Hammond on November 15. For his act of civil disobedience, he has spent enough time behind bars.

C 27