# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • KELLMANESQ@AOL.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

November 7, 2013

**BY ECF**
The Honorable Loretta A. Preska
Chief Judge
United States District Court
500 Pearl Street
New York, NY 10007

                           Re:    <u>United States v. Jeremy Hammond</u>
                                    12 Cr. 185 (LAP)

Dear Judge Preska:

      Enclosed, please find a letter of support for Jeremy Hammond from the Electronic Frontier Foundation. This letter arrived too late to be included in the appendix of exhibits that accompanied our sentencing submission.

      Thank you for your kind attention to this letter.

                                      Respectfully submitted,

                                      Susan G. Kellman
                                      Sarah Kunstler
                                      Attorneys for Jeremy Hammond

cc:    Rosemary Nidiry, Thomas Brown
       Asst. United States Attys

       Jeremy Hammond



November 6, 2013

Honorable Loretta A. Preska
Chief Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Preska,

The Electronic Frontier Foundation ("EFF") respectfully submits this letter in support of Jeremy Hammond, asking this Court to grant him leniency and sentence him to a prison term far shorter than the ten-year maximum sought by the government.

The EFF is a non-profit, member-supported civil liberties organization working to protect free speech and privacy rights in the online world. With more than 21,000 dues-paying members, EFF represents the interests of technology users in both court cases and in broader policy debates surrounding the application of law in the digital age. EFF is particularly interested in ensuring the proper application of the Computer Fraud and Abuse Act ("CFAA"), as well as maintaining constitutional protections for criminal defendants. Toward this end, EFF has filed amicus briefs in cases involving the CFAA such as *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012) (en banc), *United States v. Cioni*, 649 F.3d 276 (4th Cir. 2011) and *United States v. Drew*, 259 F.R.D. 449 (C.D. Cal. 2009).

EFF is aware that this Court has received a large number of letters on Mr. Hammond's behalf asking for leniency, explaining that his actions were not done out of malice or intent to gain financially, but with an eye towards revealing uncomfortable truths about the private intelligence industry. This is a crucial fact to keep in mind when the Court decides upon a sentence to impose upon Mr. Hammond because the CFAA provides no flexibility for distinguishing between politically motivated behavior – which can benefit the public good, as is the case here – and conduct solely motivated by financial gain at the expense of others. That is not to say that all politically motivated conduct committed in violation of the CFAA is legal, but rather that in imposing punishment, this Court should take Hammond's motivations into account even if the CFAA and the U.S. Sentencing Guidelines do not.

Indeed, the Second Circuit has explained, "a district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (citing *Kimbrough v. United States*, 552 U.S. 85, 108 (2007). That is especially true when the Guidelines fail to take into account "national experience" on how crime is punished. *Kimbrough*, 552 U.S. at 109.

815 Eddy Street • San Francisco, CA 94109 USA
voice +1 415 436 9333    fax +1 415 436 9993 x117    web www.eff.org    email hanni@eff.org

"National experience" has shown that the CFAA punishes online behavior and computer crime far more harshly than the equivalent crime in the physical world. While this is not Mr. Hammond's first criminal conviction, if considered a first offender in criminal history category I, he would be facing a sentencing range between 108 and 120 months under his plea agreement, highlighting just how disproportionately the Guidelines treat computer crimes.

The Guidelines include specific upward adjustments that are more likely to apply in cases involving computers, which increase the punishment in CFAA cases disproportionately. For example, Mr. Hammond will receive a two level upward adjustment for using sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C) because of his computer skills. He will receive another two level upward adjustment for intending to obtain personal information under U.S.S.G. § 2B1.1(b)(16), which is reserved specifically for CFAA convictions and excluded from wire fraud, identity theft and any other crime covered under U.S.S.G. § 2B1.1. These adjustments add more than three years onto the low end of the advisory sentencing range.

The end result is that the potential 120-month prison sentence Mr. Hammond faces is closer to recent sentences handed down in the Southern District of New York involving more traditional fraud schemes, which have larger losses and were motivated by the defendant's desire for personal financial gain. A defendant recently convicted in this District of Medicare fraud involving a $100 million loss was sentenced to 125 months in August.[1] Another defendant convicted of commodities fraud involving a $5 million loss was sentenced in September to a 30-month prison term.[2] Sentencing Mr. Hammond, whose conviction involved a smaller loss and no personal financial gain, to anything approaching the ten-year maximum would dramatically highlight the enormous sentencing between computer and physical world crimes, especially considering the politically motivated character of his crimes.

While every criminal case is unique and every defendant must be judged on the basis of their own offense and personal characteristics, this Court must heed 18 U.S.C. § 3553(a)(6)'s command "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Yet, a ten-year prison sentence will lead to unwarranted sentencing disparity not only, as explained

---

[1] "High-Ranking Member Of Enterprise Involved In Massive Medicare Fraud Sentenced In Manhattan Federal Court To 125 Months In Prison," U.S. Attorney's Office, Southern District of New York Press Office, August 13, 2013, available at http://www.justice.gov/usao/nys/pressreleases/August13/TerdjanianRobertSentencingPR.php.

[2] "Former Fund Manager Sentenced In Manhattan Federal Court To 30 Months In Prison In Connection With Multimillion-Dollar Commodities Fraud Scheme," U.S. Attorney's Office, Southern District of New York Press Office, September 26, 2013, available at http://www.justice.gov/usao/nys/pressreleases/September13/HamptonSentencingPR.php.

above, with defendants in this District convicted of traditional, physical world frauds, but also lead to disparity compared to the other co-defendants in this case that have already been punished abroad for their actions.

The four remaining co-defendants have all been convicted and sentenced in Great Britain for the conduct at issue here, but received sentences far shorter than the 120-month sentence Mr. Hammond risks. Ryan Cleary received the longest sentence: 32 months in custody. Ryan Ackroyd received a 30-month sentence; Jake Davis a 24-month sentence and Mustafa Al-Bassam, a 20-month sentence that was suspended for 2 years provided he completed 200 hours of community service.[3] While American prison sentences are routinely higher than those in other countries in many contexts, there is an especially acute concern around the harsh penalties of the CFAA, which in at least one instance was cited as a reason to halt the extradition of a defendant from Europe to the Southern District of New York to face CFAA charges.[4]  Indeed, Mr. Hammond's four co-defendants in Britain were sentenced to less time *combined* than the potential 120-month sentence Mr. Hammond risks.

Hopefully, this Court can appreciate the unique challenges the CFAA poses to 21st century protest action. Mr. Hammond's sentence should take into account the CFAA's excessive penalty scheme compared to traditional, non-politically motivated crime, as well as the way Mr. Hammond's co-defendants have been punished abroad. We hope that the Court will yield its sentencing power and discretion by imposing a lenient sentence on Mr. Hammond.

Sincerely,

Hanni M. Fakhoury, Esq.
Staff Attorney

---

[3] "A gang of hackers has been sentenced following a string of high-profile attacks," London Metropolitan Police, News and Appeals, May 16, 2013, available at http://content.met.police.uk/News/A-gang-of-hackers-has-been-sentenced-following-a-string-of-highprofile-attacks/1400017318333/1257246741786.
[4] Cyrus Farivar, "Alleged creator of Gozi virus suddenly released from Latvian jail," *Ars Technica*, October 10, 2013, available at http://arstechnica.com/tech-policy/2013/10/alleged-creator-of-gozi-virus-suddenly-released-from-latvian-jail/; *see United States v. Calovskis*, 1:12-cr-00487-KMW-1 (S.D.N.Y. 2012).

3