```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
                             :
UNITED STATES OF AMERICA,     :    12 CR 185 (LAP)
                             :
                             :    ORDER
                             :
     v.                      :
                             :
JEREMY HAMMOND         :
                             :
          Defendant.    :
                             :
-----------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-14-13

LORETTA A. PRESKA, Chief United States District Judge:

The Court has received a letter dated on November 5, 2013, (attached) from David E. McCraw, Vice President and Assistant General Counsel of the New York Times Company, in which the Times seeks to move to intervene in this action for the limited purpose of seeking the unsealing of redacted portions of Defendant's sentencing memorandum and materials on file with the sentencing materials.  Considering the letter as a motion to unseal, Defendant shall show cause at the sentencing hearing on November 15, 2013, why the redacted portion of Defendant's sentencing memorandum shall remain sealed.

Docket No. 8, a sealed document in this matter, is hereby unsealed.  Docket No. 14, another sealed document in this matter, shall remain sealed because it is a request by defense counsel pursuant to the Criminal Justice Act for certain resources connected with the defense.

SO ORDERED:

Dated:     New York, New York
           November 14, 2013

_____
LORETTA A. PRESKA
Chief United States District Judge



**The New York Times Company**

**David McCraw**
Vice President and
Assistant General Counsel

620 8th Avenue
New York, NY 10018

tel 212.556.4031
fax 212.556.4634
mccraw@nytimes.com

November 5, 2013

## VIA FACSIMILE

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:  United States v. Hammond (12 Cr. 185 (LAP))

Dear Judge Preska:

I write on behalf of The New York Times Company ("The Times") seeking a pre-motion conference. The Times seeks to move to intervene in this action for the limited purpose of seeking the unsealing of redacted portions of Defendant's sentencing memorandum and materials filed with it (the "Sentencing Materials"). (ECF No. 56.) We believe that materials have been redacted in violation of the public's right of access under the First Amendment and federal common law.

**Right to Intervene:** There is a qualified First Amendment and common law right held by the public to have access to judicial documents and proceedings. *See, e.g., Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 572 (1980) (First Amendment right to proceedings); *Lugosch v. Pyramid Co,* 435 F.3d 110, 119-20 (2d Cir. 2006) (constitutional and common law right to judicial documents). The Second Circuit has recognized a motion to intervene as the procedurally proper device for purposes of protecting the right of access. *See, e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988).

**First Amendment Right of Access:** Materials submitted to a Court pertaining to plea agreements and sentencing, like sentencing proceedings themselves, are presumptively open under the First Amendment. *See United States v. Alcantara,* 396 F.3d 189, 197-98 (2d Cir. 2005) (sentencing proceedings); *Haller,* 837 F.2d at 86 (plea agreement); *United States v. King,* No. 10-Cr-122 (JGK), 2012 U.S. Dist. LEXIS 83634, at *4-*6 (S.D.N.Y. June 15, 2012) (sentencing submissions). The First Amendment right attaches when access has both historic roots and will logically play a significant positive role in the functioning of the judicial process. *Press-Enterprise Co. v. Superior Court of California,* 478 U.S. 1, 8 (1986).

57005

As the Second Circuit said in *Alcantara*, 396 F.3d at 198:

> Members of the public have a strong interest in attending sentencing proceedings, and their attendance is important to the proper functioning of the judicial proceedings. Sentencing proceedings are of paramount importance to friends and family members of the defendant being sentenced. The proceedings are also extremely significant to victims of crimes, to family members of victims, and to members of the community in which the crime occurred.

The Court made clear that its holding applied to documents as well. *Id.* at 197 (". . . other circuits have held that the public and press have a right of access to various documents filed in connection with sentencing proceedings . . . . These holdings are persuasive.").

Under *Press-Enterprise*, sealing is permitted only if a court finds that the sealing is "necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. The party seeking sealing has the burden of proof on that constitutional test. *Id.* at 125-26; *see also United States v. Amodeo ("Amodeo I")*, 44 F.3d 141, 148 (2d Cir. 1995) (party seeking sealing has burden under common law test). The court must make "specific, on-the-record findings" that the sealing meets the *Press-Enterprise* standard. *Lugosch*, 435 F.3d at 124.

**Common Law Right of Access**: In addition to the First Amendment right of access, the public enjoys a common law right of access "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). Flowing from *Nixon* is a two-step analysis to determine whether a document should be released. The court must first decide whether the document is in fact a "judicial document" – *i.e.*, relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145. Second, if it is, then a presumption of public access arises. *Id.* While that presumption may be overcome by a showing of countervailing interests, the presumption is particularly strong where the documents at issue relate to a court's exercise of its Article III powers. *See Lugosch*, 435 F.3d at 119. In such instances, access is necessary to ensure that the public has the opportunity to monitor "the conscientiousness, reasonableness, or honesty of judicial proceedings." *Id.* (quoting *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

The common law right of access attaches and the presumption of access is strong, when the court is engaged in the sentencing. *See, e.g., CBS, Inc v. U.S. Dist. Ct.*, 765 F.2d 823, 826 (9th Cir. 1985) (Kennedy, J.) (common law right of access to motions for sentence modification); *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) (common law right of access to letters submitted to sentencing court); *United States v. Kushner*, 349 F. Supp. 2d 892, 905 (D.N.J. 2005) (citing *United States v. Chang*, 47 F. App'x 119, 122 (3d Cir. 2002) (common law right of access to sentencing memoranda and to letters submitted to court); *United States v. Gotti*, 322 F. Supp. 2d 230, 250 (E.D.N.Y. 2004) (common law right of access to letters submitted to sentencing court).

**The Documents at Issue**: Redactions in the Sentencing Materials fall into two broad categories. First, Defendant has redacted materials submitted by third parties urging the Court to be lenient. (*See, e.g.*, Def.'s Sentencing Mem., ECF No. 56, at 23.) There is no apparent reason for the sealing of information that is already in the hands of members of the public and being used by Defendant to sway the Court in its exercise of its powers under Article III, especially in light of the public's right and need to monitor and understand the arguments being made to the Court at this critical juncture in the criminal process.

Second, Defendant has redacted other material that appears to have been obtained in discovery and may have been subject to the protective order in this matter (ECF No. 11, as modified by ECF No. 26). (*See, e.g.*, Ex. H, ECF No. 56 (cover letter and attachments).) The existence of a protective order obviously does not trump any access right that the public has under the Constitution and is not dispositive under the common law. *Lugosch*, 435 F.3d at 125-26 (confidentiality orders issued in discovery should not impair public access to judicial documents). *Lown v. Salvation Army, Inc.*, No. 04 Civ. 01562 (SHS), 2012 U.S. Dist. LEXIS 148701, at *3 (S.D.N.Y. Oct. 12, 2012) (access to documents filed with the court is governed by constitutional and common law standards set out in *Lugosch* even though the documents were designated confidential under court's earlier protective order for discovery). Instead, now that the materials are judicial documents and no longer unfiled discovery, the burden is on the parties to demonstrate on the record that sealing is "necessary to preserve higher values." *Lugosch*, 435 F.3d at 124.

Importantly, the sealing of judicial documents must be narrowly tailored. *Id.* Wholesale sealing of documents is disfavored when targeted redaction can protect a countervailing interest. *See In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). To the extent that the parties are able to justify some part of the sealing here, the remainder of the material should be released to the public.

Accordingly, we ask that the Court set a schedule for motion practice, with the parties required to demonstrate with particularity why specific parts of the Sentencing Materials should be sealed and The Times being given an opportunity to respond to their arguments.

We thank the Court for its consideration of this matter.

Respectfully submitted,

David E. McCraw

cc:    Rosemary Nidiry, AUSA
        Sarah Kunstler, Esq. (both by electronic delivery)